Filed 6/27/24  P. v. Taylor CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>SUNJOLI TAYLOR,<br><br>        Defendant and Appellant. | A169025<br><br>(Alameda County<br>Super. Ct. No. 21CR009607) |

Defendant Sunjoli Taylor appeals from the sentence imposed following her conviction for felony grand theft.  She contends the trial court erred in making true findings on two aggravating circumstances because she never personally waived her right to a jury trial.  The Attorney General concedes that the trial court violated Taylor's right to a jury trial on one of the aggravating circumstances, but argues that she did not have a right to a jury trial on the other.  We agree with the Attorney General.  We will strike the true finding for the aggravating circumstance under California Rules of Court,[1] rule 4.421(a)(9) (that Taylor's crime involved an attempted or actual taking of great monetary value), and in all other respects affirm the judgment.

---

[1] Further references to rules are to the California Rules of Court.

1

## FACTUAL AND PROCEDURAL BACKGROUND

*Charges*

In July 2022, the Alameda County District Attorney filed a one-count information charging Taylor with felony grand theft of personal property (Pen. Code, § 487, subd. (a)), and alleging three factors in aggravation: (1) the crime involved an attempted or actual taking of great monetary value (rule 4.421(a)(9)); (2) Taylor's prior convictions as an adult or sustained petitions in juvenile delinquency are "numerous or of increasing seriousness" (rule 4.421(b)(2)); and (3) Taylor's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory (rule 4.421(b)(5)).

*Jury Trial*

A jury found Taylor guilty of grand theft. The facts are not at issue in this appeal, so we describe them only briefly. Taylor listed a car for sale on the OfferUp app. A potential buyer (soon to be victim) exchanged some messages with Taylor and the two agreed to meet at a bank in Hayward. After a test drive, the buyer agreed to purchase the car and went into the bank to withdraw additional funds. He gave $9,800 to Taylor, who put it in her purse, but he was still $200 short of the agreed upon price. Taylor insisted that the buyer give her the rest of the money, so the buyer rode with Taylor to another bank to withdraw more money. But when the buyer came out of the second bank, Taylor was gone. She had taken the $9,800. The buyer texted and called Taylor asking her to come back, to no avail. The buyer—now victim—called the police.

*Bifurcated Trial on Aggravating Circumstances and Sentencing*

At a court trial, the court found two of the aggravating circumstances alleged in the information true: great monetary value (rule 4.421(a)(9)); and prior convictions of numerous or of increasing seriousness (rule 4.421(b)(2)).

The court suspended imposition of sentence and placed Taylor on formal probation for a period of two years, with terms and conditions.

This appeal was timely filed.

## DISCUSSION

Taylor argues on appeal that this court must strike the true findings on the two aggravating circumstances because she did not personally waive her right to a jury trial on them. The Attorney General argues that Taylor did not have a right to a jury trial as to the aggravating circumstance under rule 4.421(b)(2) regarding the numerosity or increasing seriousness of her prior convictions. But the Attorney General agrees with Taylor that the trial court could not properly determine that Taylor's crime involved a taking of "great monetary value" within the meaning of rule 4.421(a)(9) without a proper waiver of Taylor's right to a jury trial, and that there was no such waiver in this case.

A. *No Right to Jury Trial on Rule 4.421(b)(2) – Numerosity or Increasing Seriousness of Prior Convictions*

Taylor contends the trial court's finding that her prior convictions were numerous or of increasing seriousness under rule 4.421(b)(2) was made in violation of the Sixth Amendment and Penal Code section 1170, subdivision (b) (§ 1170(b)). We disagree.

1. <u>Sixth Amendment</u>

Under the Sixth Amendment, any fact that increases the punishment for a crime beyond the statutory maximum—" *'[o]ther than the fact of a prior*

3

*conviction*' "—must be submitted to a jury and proved beyond a reasonable doubt. (*People v. Catarino* (2023) 14 Cal.5th 748, 754, italics added.)

In *People v. Black* (2007) 41 Cal.4th 799, 819, our high court held that the exception for " ' "the fact of a prior conviction," ' " for purposes of Sixth Amendment analysis, extends to a finding of an aggravating circumstance under rule 4.421(b)(2). The court explained, "The determinations whether a defendant has suffered prior convictions, and whether those convictions are 'numerous or of increasing seriousness' ( Cal. Rules of Court, rule 4.421(b)(2)), require consideration of only the number, dates, and offenses of the prior convictions alleged. The relative seriousness of these alleged convictions may be determined simply by reference to the range of punishment provided by statute for each offense. This type of determination is 'quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court.' " (*Black* at pp. 819–820.)

Here, the record of convictions established that Taylor's prior convictions were numerous; the Sixth Amendment does not require a jury to determine this issue. (See *People v. Wiley* (2023) 97 Cal.App.5th 676, 683, review granted Mar. 12, 2024, S283326 (*Wiley*) ["the Sixth Amendment did not require that a jury make the determinations at issue here," including whether the defendant's convictions were of increasing seriousness].)

2.     Section 1170(b)

Section 1170(b)(2) generally requires that the facts underlying aggravating circumstances must be "stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Section 1170(b)(3), however, provides that, notwithstanding section 1170(b)(2), "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

Two Divisions of our court have addressed the question whether section 1170(b)(3) means a sentencing court may consider prior convictions to find a defendant's prior convictions were numerous or of increasing seriousness under rule 4.421(b)(2) without a jury trial on the issue. Both have answered in the affirmative. (See *Wiley*, *supra*, 97 Cal.App.5th at p. 685 [the increasing seriousness of the defendant's convictions (rule 4.421(b)(2)) and his poor prior performance on probation (rule 4.421(b)(5)) could be decided by the court under section 1170(b)(3)]; *People v. Ross* (2022) 86 Cal.App.5th 1346, 1353, review granted Mar. 15, 2023, S278266 [certified records of defendant's prior convictions supported consideration of aggravating circumstances under rule 4.421(b)(1), (2), (3) and (5)].)

In *Wiley*, *supra*, 97 Cal.App.5th at page 686, the court reasoned, "[Section 1170(b)(3)] does not specify the court is limited to finding that a prior conviction occurred; instead, it states the court may 'consider the defendant's prior convictions in determining sentencing.' (§ 1170, subd. (b)(3).) And, as our Supreme Court has recognized in the context of the prior conviction exception to the constitutional jury trial right, consideration of prior convictions may establish recidivism-based aggravating factors such as increasing seriousness of the convictions [citation] or prior unsatisfactory performance on probation or parole [citation]. The statutory language does not suggest the Legislature sought to depart from our Supreme Court's constitutional jurisprudence on this point by establishing a significantly narrower *statutory* prior conviction exception."

5

We agree with the reasoning of *Wiley* and follow its holding.[2] Accordingly, we reject Taylor's claim that a jury trial was required to establish her prior convictions were numerous. The trial court properly relied on her certified record of convictions, and we thus uphold the true finding on the aggravating circumstance under rule 4.421(b)(2).

B.    *Right to Jury Trial on Rule 4.421(a)(9)—Great Monetary Value*

Taylor argues, and the Attorney General concedes, that Taylor had a right to a jury trial on the aggravating circumstance regarding the great monetary value of the taking or attempted taking under rule 4.421(a)(9). We accept the concession.

The next question we must determine is whether Taylor waived her right to a jury trial on this circumstance. Again the Attorney General concedes that she did not, and we accept this concession.

---

[2] As the Attorney General acknowledges and Taylor emphasizes in his reply brief, at least one court has suggested that the question whether a defendant's prior convictions are of "increasing seriousness" is not necessarily established by the certified records of conviction alone. (See *People v. Butler* (2023) 89 Cal.App.5th 953, 961, review granted May 31, 2023, S279633 [in the context of analyzing whether the appellant was entitled to remand for resentencing under the new law requiring that aggravating circumstances be stipulated to or found true beyond a reasonable doubt by a jury or the court (which law did not exist at the time the appellant was sentenced), the appellate court noted that the appellant had stipulated he had four prior felony convictions, but "it is not clear whether a jury would have found beyond a reasonable doubt that [his] four admitted prior convictions were of 'increasing seriousness' "].) But even if we were to assume the question of "increasing seriousness" should be decided by a jury, we do not believe a jury is required to determine that prior convictions are numerous. (E.g., *People v. Black, supra,* 41 Cal.4th at p. 818 [where the defendant had three prior convictions, the convictions were numerous]; *People v. Ross, supra,* 86 Cal.App.5th at p. 1353 [three prior convictions are numerous].)

6

"A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel." (Cal. Const., art. I, § 16.) To the extent there is a right to a jury trial on the facts supporting any aggravating circumstances, the waiver must be explicit. (*People v. French* (2008) 43 Cal.4th 36, 46-48.) The "[w]aiver must be 'express[ed] in words . . . and will not be implied from a defendant's conduct.' " (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166.)

Here it is undisputed that there was no express waiver. On July 10, 2023, before the trial began, the trial court stated that defense counsel had requested a bifurcated trial and the "aggravated factors put before a jury." On July 26, after the jury was excused to deliberate in the guilt phase, the trial court asked for confirmation that defense counsel still wanted a jury trial. Counsel asked for time to discuss the issue with his client "in more detail," but said he did not think "our position has changed. I think we're going to need a jury trial" on the aggravating circumstances. On July 27, after the jury returned its guilty verdict, the judge told the jury it would need to come back for the bifurcated trial on August 7. On August 7, in open court and with Taylor present, the court stated it had read an email on August 1 from defense counsel "indicating that he was going to waive jury on the aggravated factors and the priors." Defense counsel replied, "[y]es, your honor," and the court announced that it would bring in the jury and tell them they were discharged. Counsel asked whether that was "agreeable to both parties," and defense counsel and the district attorney said yes. Taylor herself was asked nothing, and said nothing, about her right to a jury trial during this exchange, and the trial court did not say anything to her about her right to a jury trial. We thus agree with the parties that the trial court violated Taylor's right to jury trial on the aggravating circumstance under

7

rule 4.421(a)(9), and we will thus strike the true finding under rule 4.421(a)(9) that the crime involved an attempted or actual taking of great monetary value.

## DISPOSITION

We strike the true finding for the aggravating circumstance under rule 4.421(a)(9). In all other respects, the judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Stewart, P. J.


_____
Richman, J.


A169025, People v. Taylor


9